OPINION. Van Fossan, Judge: The sole question presented is whether petitioner qualified during the taxable years involved as a corporation exempt from income tax pursuant to section 101 (9), Internal Revenue Code.[1] In order so to qualify petitioner must have been, during the period, a club “* * * organized and operated exclusively for pleasure, recreation, and other nonprofitable purposes, no part of the net earnings of which * * * [inured] * * * to the benefit of any private shareholder * * Whether petitioner can be said to come within such qualification is purely a question of fact, those pertinent to which have been set forth above in extenso. Further elaboration thereon is unnecessary. We have considered such facts and carefully assayed all the evidence of record on which they are grounded. We have concluded and found as a fact that petitioner was such an organization during the years before us. Accordingly, we here so hold. Cf. Aviation Club of Utah, 7 T. C. 377, affd. 162 F. 2d 984, in which, during the war, the club was opened to nonmember Army officers and practically taken over by them. The club was diverted from its previous exempt status, resulting in large indirect profits to the members of the club in the shape of enlarged facilities, and otherwise. The net income for 1943 was 25 times the normal net income for the year 1941. The holding of the Court was that the club was exempt from taxation in 1941 but taxable in 1942 and 1943. In the instant case, there is a notable parallelism between the situation obtaining in the Utah case in 1941 and the taxable years here involved for petitioner. Respondent’s determination to the contrary is error and it is reversed. Decision will l>e entered for the petitioner. SEC. 101. EXEMPTIONS FROM TAX ON CORPORATIONS. (9) Clubs organized and operated exclusively for pleasure, recreation, and other non-profltable purposes, no part of the net earnings of which inures to the benefit of any private shareholder;